UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| ALESIA JENKINS, | ) | |
|---|---|---|
| | ) | Case No. 1:25-cv-65 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Michael J. Dumitru |
| THE TJX COMPANIES, INC., *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court following Plaintiff Alesia Jenkin's failure to comply with the Court's orders (Docs. 24, 28).

### I. BACKGROUND

Plaintiff Alesia Jenkins initiated this action in the Circuit Court for Hamilton County, Tennessee, on January 2, 2025. (Doc. 1-1.) Defendants removed the action to this Court on February 27, 2025. (Doc. 1.) After the Court entered its scheduling order (Doc. 17), counsel for Plaintiff moved to withdraw her representation, to which Plaintiff consented. (*See* Docs. 20, 21, 23.) In Plaintiff's consent, she acknowledged that she was "responsible for either obtaining new counsel to represent [her] in this matter or choosing to represent [herself] pro se[,]" and that she had "60 days from the date of the Court's Order granting withdrawal to secure new counsel." (Doc. 23.) On April 29, 2025, United States Magistrate Judge Michael J. Dumitru entered an order granting counsel's motion to withdraw. (Doc. 24.) In that order, Magistrate Judge Dumitru ordered Plaintiff to either retain substitute counsel and have them file a notice of appearance or file a notice stating that she intends to proceed *pro se* on or before June 29, 2025.

(*Id.*)  On August 7, 2025, Plaintiff still had not retained substituted counsel or filed a notice that she was proceeding *pro se*, and Defendants filed a motion to dismiss for failure to comply the Court's order.  (Doc. 26.)  On August 27, 2025, the Court denied Defendants' motion to dismiss and, once again, ordered the Plaintiff to either retain substitute counsel and have them file a notice of appearance or file a notice with the Court stating that she intends to proceed *pro se* on or before September 5, 2025.  (Doc. 28.)  To date, Plaintiff still has not retained substitute counsel or filed a notice that she intends to proceed *pro se*.

## II. STANDARD OF LAW

"Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a case if the plaintiff fails to comply with a court order."  *Knapp v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 21-5106, 2022 WL 709813, at *2 (6th Cir. Feb. 10, 2022) (citation modified).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation modified).  When deciding to dismiss under Rule 41(b), a court must consider the following factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knapp*, 2022 WL 709813 at *2.

## III. ANALYSIS

### A. Willfulness, Bad Faith, or Fault

A plaintiff's conduct can be found motivated by willfulness, bad faith, or fault when the conduct "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the

2
Case 1:25-cv-00065-TRM-MJD    Document 29    Filed 09/23/25    Page 2 of 5    PageID #: 93

effect of his conduct on those proceedings." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). "The first factor . . . requires a clear record of delay or contumacious conduct." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013).

Here, Plaintiff acknowledged that sixty days after the order granting the motion to withdraw as counsel, she would retain counsel or file a notice that she was proceeding *pro se*. (Doc. 23.) In the Court's order granting the motion to withdraw as counsel, the Court ordered Plaintiff to retain counsel or file a notice that she was proceeding *pro se* on or before June 29, 2025 (Doc. 24), but Plaintiff failed to adhere to the order. Over a month after the deadline to retain counsel or file a notice that Plaintiff was proceeding *pro se*, the Court, once again, ordered Plaintiff to retain counsel or file a notice that she was proceeding *pro se* and received no response from Plaintiff. Plaintiff's continued failure to retain counsel or file a notice to proceed *pro se* after acknowledging she was required to take such actions and being twice ordered by the Court to take such actions shows a disregard for the effect of her conduct in this proceeding. Therefore, this factor is in favor of dismissal.

**B.     Prejudice to Defendants**

"A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is required to waste time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide." *Carpenter*, 723 F.3d at 707. "Typical steps in the early stages of litigation" such as answering a complaint, removing a case to federal court, or filing a motion to dismiss, are not actions that require cooperation from the opposing party. *See Schafer*, 529 F.3d at 739–40. Therefore, such actions are not sufficient to establish prejudice. *Id.* Here, the Defendants have

only taken the typical steps in the early stages of litigation. Thus, the second factor weighs against dismissal.

### C. Notice

The third factor to consider when determining whether to dismiss a case for failure to prosecute is if the dismissed party was warned that failure to cooperate could lead to dismissal. *See Carpenter*, 723 F.3d at 708. The third factor "is a key consideration in the analysis" on whether to grant dismissal. *Schafer*, 529 F.3d at 740. Here, Plaintiff acknowledged that she knew she was required to retain counsel or file a notice to proceed *pro se* (Doc. 23) but failed to do either. Furthermore, the Court twice ordered the Plaintiff to retain counsel or file a notice that she was proceeding *pro se* and warned her that failure to do so could lead to the Court dismissing the case. (Docs. 24, 28.) Plaintiff still failed to take either action. Accordingly, this factor weighs in favor of dismissal.

### D. Less Drastic Sanctions

Before deciding whether to dismiss a case with prejudice, a court should consider whether a lesser sanction, like dismissal without prejudice, would not better serve the interests of justice. *See Carpenter*, 723 F.3d at 709. The less-drastic sanction of dismissal without prejudice is available and appropriate here particularly because Plaintiff is unrepresented. Accordingly, the Court considered lesser sanctions, and this factor weighs in favor of dismissal without prejudice.

## IV. CONCLUSION

For the above reasons, Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rules of Civil Procedure 41(b).

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**